STEINHILBER SWANSON LLP
ATTORNEYS AT LAW

**Michael P. Richman**
122 W. Washington Ave., Suite 850
Madison, WI 53703
mrichman@steinhilberswanson.com
608-630-8990

January 19, 2023

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15B
New York, New York 10007

Re: *Empery Tax Efficient, LP v. MusclePharm Corp., et al.*, No. 23-cv-74-VM

Dear Judge Marrero:

I submit this letter on behalf of Ryan Drexler ("Drexler") in opposition to Empery Tax Efficient, LP's ("Empery") pre-motion letter, ECF No. 23, in support of its request for remand of this proceeding to the Supreme Court of New York, New York County (the "State Court"). Drexler exercised, on January 5, 2023, his right to remove Empery's six causes of action in the original complaint (the "Original Complaint," ECF No. 1-1) because each was "related to" then-defendant MusclePharm's chapter 11 case. 28 U.S.C. §§ 1452(a); 1334(b). In addition, Empery's claim under the Uniform Voidable Transactions Act "arose under" the Bankruptcy Code because it belonged to MusclePharm after the bankruptcy case was commenced. *See Rahl v. Bande*, 316 B.R. 127, 132 (S.D.N.Y. 2004).[1]

Empery begins its pre-motion letter with unsupportable, over-the-top rhetoric, claiming that Drexler removed this action "at the eleventh-hour as a last-ditch effort to avoid a hearing on Empery's contempt motion" or to "avoid his day of reckoning," for what Empery claims was a "brazen" violation of the temporary restraining order. ECF No. 23 at 1–2. When the case was removed, and before this Court rescheduled it for January 26, the contempt hearing was still twelve days away, scheduled for January 17, 2023. ECF No. 5-38 at 2. Immediately after he filed his notice of removal, Drexler filed his preliminary opposition to Empery's (now moot) request for a preliminary injunction, ECF No. 2, in accordance with the State Court's scheduling order. ECF No. 5-15 at 2. Then, on January 9, 2023 (and again in accordance with the State Court's scheduling order, ECF No. 5-38 at 2), Drexler filed his opposition to Empery's motion for contempt. ECF No. 6. Drexler did not request that the contempt hearing be continued. Furthermore, during the parties' January 13, 2023 meet-and-confer, Drexler's counsel insisted that in proposing a briefing schedule to this Court, there be no change to the January 26 hearing on the contempt motion set by this Court, because it can and should be summarily denied. Only one party—Empery—appears to have failed to comply with the State Court's scheduling order by failing to file any reply to Drexler's opposition to its contempt motion by January 13, 2023.

[1] The Notice of Removal also stated that Empery's contempt motion was a collateral attack on MusclePharm's bankruptcy petition and financing proposals therein. ECF No. 1 at 4–5. Because such motion would not exist but for the bankruptcy filing, this Court has "arising in" jurisdiction for that reason as well. *See* 28 U.S.C. § 1334(b).

ECF No. 5-38 at 2. *See* 28 U.S.C. § 1450 ("[a]ll … orders … had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."),

Empery's litigation gamesmanship to engineer a remand is writ large on the undisputed record in this Court. Less than one week after removal, instead of seeking remand of its Original Complaint, Empery filed an amended complaint (the "Amended Complaint," ECF No. 18) which dismissed MusclePharm as a defendant, abandoned all six of the causes of action set forth in the Original Complaint, and asserted two new causes of action against Drexler and White Winston. Those two new claims are pleaded like state law claims, but read in substance as actions for damages to its loan and collateral positions (which exclusively are claims against the chapter 11 Debtor) based on the filing of MusclePharm's bankruptcy petition and post-petition financing proposals. *See*, *e.g.*, Am. Compl. ¶¶ 7, 56, 58–63.

Attempts to plead away federal jurisdiction—like Empery's—have been tried and rejected in many cases, and for good reason: they smack of forum-shopping and bad-faith litigation tactics. In effect, Empery asks this Court to pretend that the Original Complaint and causes of action should be ignored. In these situations, courts have concluded that "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007)). *See also Nanavati v. New School for Social Research*, 20-CV-935, 2020 WL 1876359, at *2 (Apr. 15, 2020). The causes of action in the Original Complaint each conferred "related to" jurisdiction and "arising in" jurisdiction to the extent Empery sought (and continues to seek) relief relating to the bankruptcy.

But even if the Court limits its consideration of jurisdiction to the Amended Complaint, the new causes of action are also more than sufficient to confer federal jurisdiction because they "arise in" MusclePharm's bankruptcy case and are "related to" the bankruptcy proceeding. *See Lothian Cassidy, LLC v. Lothian Exploration & Development II, LP*, 487 B.R. 158 (S.D.N.Y. 2013) (noting that claims "arise in" bankruptcy when "although not based on any right expressly created by Title 11, they 'would have no practical existence but for the bankruptcy'" and that "related to" jurisdiction exists where "a claim has a 'conceivable effect' on the bankruptcy estate." (quote source omitted)). *See also* 28 U.S.C. § 157(b)(2)(A) & (D) (providing that "matters concerning the administration of the estate" and "orders in respect to obtaining credit" are "core proceedings" of the bankruptcy court). No matter how Empery tries to characterize the new claims, its alleged damages depend on the outcome of the chapter 11 case. The gravamen of the new claims remains a challenge to the bankruptcy filing and (the never approved) financing proposal, and allegations that Drexler damaged Empery's secured claim *against MusclePharm* based on his involvement in the bankruptcy filing and financial proposal. *But for the bankruptcy proceeding, the new claims would have no practical existence.*

Further, while Empery is here complaining about the validity of the bankruptcy filing (a matter exclusively for the bankruptcy court to determine on a motion to dismiss that Empery is free to prosecute), Empery has decided to enjoy the full benefits of the chapter 11 case, and has

been fully participating in it for well over a month. Indeed, Empery has twice been approved as interim post-petition lender under 11 U.S.C. § 364, it has protected its collateral, and it has provided in its proposal for final approval a structure that would in certain circumstance mandate a sale of its collateral which may leave it paid in full. Given this, Empery should be estopped from challenging the bankruptcy here. *See New Hampshire v. Maine*, 532 U.S. 742 (2001).

Because Empery cannot argue that this Court lacks jurisdiction under 28 U.S.C. § 1334, Empery now seeks abstention. However, the six conjunctive elements for mandatory abstention under 28 U.S.C. § 1334(c)(2) cannot all be satisfied. Empery wrongly asserts that "the action is based on state law claims," "that this action "does not arise in or under the Bankruptcy Code," and that "Section 1334 provides the sole basis for federal jurisdiction." ECF No. 23 at 3. Although the two new claims for relief sound like state law claims in name, they are in fact and substance claims contesting the validity of MusclePharm's bankruptcy petition and post-petition financing proposals—issues which arise in a bankruptcy case and which must be resolved in the bankruptcy court, if at all. *See* 28 U.S.C. 157(b)(2)(A) & (D). Additionally, because the matter in controversy exceeds the sum of $75,000, Am. Compl. ¶¶ 64 & 70 and the parties are citizens of different states, *id.* ¶¶ 9–12, this Court also has diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Nor should the Court permissively abstain or equitably remand this proceeding, particularly in light of the inequity of Empery's tactics.[2] "A federal court must be 'sparing' in its exercise of permissive abstention 'because [it] possess[es] a 'virtual unflagging obligation … to exercise the jurisdiction given [to it]." *In re Residential Capital, LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014) (quote source omitted). The factors used by courts to determine if permissive abstention or equitable remand is warranted are not satisfied here. Empery's new claims "arise in" MusclePharm's bankruptcy because they involve the filing of the petition and proposed post-petition financing. Dropping MusclePharm as a party does not impair this Court's jurisdiction because nothing in § 1334(b) requires that a debtor be a party to such proceedings.

We respectfully submit that if the Court rejects Empery's request for remand as we urge here, the Court should deny Empery's request for (allegedly) limited expedited discovery on its contempt motion. Empery alleges two acts in violation of the TRO: the filing of a bankruptcy petition (which it characterizes as the consummation of an eleven-page, fifteen-paragraph settlement agreement) and a proposal to provide post-petition financing to MusclePharm (which it characterizes as a "disposition of assets"). Drexler stipulates that such acts were taken, but rejects Empery's characterizations. Thus, discovery is unnecessary and would impose on Drexler a substantial burden to search and produce documents on an expedited basis.

Respectfully submitted,

*/s/ Michael P. Richman*
Michael P. Richman

[2] "The criteria for assessing equitable remand under 28 U.S.C. § 1452(b) and permissive abstention under 28 U.S.C. § 1334(c)(1) are 'essentially the same and are often analyzed together.'" *Libertas Funding, LLC v. ACM Development, LLC*, 22-CV-00787, 2022 WL 6036559 (E.D.N.Y. Oct. 7, 2022) (quoting *Worldview Entertainment Holdings, Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019)).