Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2409

Writer's E-mail Address
gayle.klein@srz.com

January 20, 2023

**VIA ECF**

Hon. Victor Marrero
United States District Judge
500 Pearl Street, Courtroom 15B
New York, New York 10007

Re: *Empery Tax Efficient, LP v. MusclePharm Corporation, et al.*, 23-cv-00074-VM

Dear Judge Marrero:

We write in response to the letters in opposition to Empery's remand request, which take the remarkable position that a civil action between non-debtors brought solely under New York state law that will have no impact on the assets of a bankrupt estate is nevertheless so related to the bankruptcy that it belongs before a federal court. Of course, that defendants are now hedging whether the action should be transferred to the bankruptcy court belies that position. If it were so related to a bankruptcy, defendants would not be retreating from the necessity of transfer.

Empery is not forum shopping. It amended the complaint solely to reflect defendants' actions—not MusclePharm Corporation's—that changed the landscape of the case. Empery also is not seeking to invalidate a bankruptcy filing. Importantly, Empery's claims do not hinge on whether MusclePharm's bankruptcy filing was valid. Instead, its New York state law claims relate only to whether defendants fraudulently and/or illegally exerted control over MusclePharm to prevent the Article 9 Sale in violation of a state court order and tortiously interfered with the Secured Noteholders' rights. Accordingly, this action will have *zero impact* on the MusclePharm estate's assets. The Court either does not have jurisdiction or it should abstain.

Finally, Drexler's submission highlights the need for expedited discovery. Drexler claims that he will stipulate that a bankruptcy petition was filed and that a proposal for post-petition financing were made, but otherwise "rejects Empery's characterizations". Thus, defendants have not admitted that they made the decision for MusclePharm to file for bankruptcy and caused it to happen without obtaining approval from MusclePharm's board or its then-acting CEO. A two-hour deposition of the then-acting CEO and discovery of email, text and other communications between Drexler and White Winston from December 1, 2022 and December 31, 2022 are necessary and appropriate for Empery to obtain information uniquely in Defendants' possession—that they knowingly conspired to stop the Article 9 Sale in violation of the TRO and without proper authority and otherwise violated the TRO. Empery thus respectfully requests that if the Court does not remand, it order that Empery may have this limited discovery and briefly continue the contempt hearing to afford time for such discovery to occur.

Respectfully submitted,

*/s/ Gayle R. Klein*
Gayle R. Klein

cc: All Counsel (by ECF)